UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAWANNA R. WYATT,
as Administrator of the Estate of India T. Cummings,  **DECISION**
                                                          **and**
                      Plaintiff,                    **ORDER**
     v.
                                               **19-CV-159W(F)**
KOZLOWSKI, Erie County Sheriff Sergeant, *et al.,*

                    Defendants.
_____

APPEARANCES:         VANDETTE PENBERTHY LLP
                               Attorneys for Plaintiff
                               JAMES M. VANDETTE, of Counsel
                               227 Niagara Street
                               Buffalo, New York   14201

                               MATTHEW A. ALBERT ESQ.
                               Attorney for Plaintiff
                               254 Richmond Avenue
                               Buffalo, New York  14222

                               MICHAEL A. SIRAGUSA
                               ERIE COUNTY ATTORNEY
                               Attorney for Defendants
                               MICHELLE M. PARKER,
                               First Assistant County Attorney
                               95 Franklin Street, 16th Floor
                               Buffalo, New York   14202

In this § 1983 action Plaintiff alleges violations of Plaintiff's decedent's Fourteenth Amendment right to adequate medical care while a pretrial detainee in Defendants' custody at the Erie County Holding Center ("Holding Center"). Defendants move, pursuant to Fed.R.Civ.P. 45(d)(3)(A)(ii), (iv) ("Rule 45(d)(3)(A)"), by papers filed June 25, 2019 (Dkt. 35) to quash Plaintiff's subpoena *duces tecum* served on a non-party, the New York Commission of Correction ("the Commission") pursuant to

Fed.R.Civ.P. 45(a)(1)(D) ("Rule 45(a)(1)(D)").[1] Specifically, Plaintiff seeks an unredacted copy of the Commission's Final Report dated June 26, 2018 (Dkt. 39-1) ("the Report") to the circumstances of one India T. Cummings ("Cummings"), Plaintiff's decedent, who expired on February 21, 2016, of acute renal failure and cardiac arrest episode during her treatment at a local hospital following Cummings' cardiac arrest while in custody at the Holding Center between February 1, 2016 and February 17, 2016, on state charges. Plaintiff has obtained a copy of a redacted version of the Report through a Freedom of Information Law request. Plaintiff claims Cummings' death resulted from Defendants' deliberate indifference to Cummings' medical needs, including psychiatric issues, which should have been apparent to Defendants based on Cumming's several instances of serious misbehavior while in Defendants' custody, an allegation which the Commission found to be the case in its Report, filed in redacted form by Plaintiff as an exhibit in opposition to Defendants' motion, *see* Dkt. 39-1 at ¶¶ 11-12, 24-25, 26, 50, 54, 59, and as evidenced, according to the Commission, by Cummings' psychological decomposition constituting florid psychosis, Dkt. 39-1 at 3, developing a thrombosis resulting from failure to properly treat Cummings' broken arm immediately following her admission to the Holding Center, and eventual renal failure, Dkt. 39-1 at ¶ 64, to which Holding Center staff, the identities of whom were redacted in the exhibit, failed to properly respond constituting, in the Commission's opinion, gross negligence. *Id.*

---

[1] The New York State Commission of Correction is a state agency with authority to inspect correctional facilities within New York State with respect to, *inter alia*, the health and safety of inmates, N.Y. Corr. Law §§ 43, 45, promulgate rules and regulations regarding, as applicable, minimum standards of such facilities for the care of inmates, N.Y. Corr. Law § 45[6], and make reports to the Governor. N.Y. Corr. Law § 45[12]. The statute also provides that within the Commission, there is a Correction Medical Review Board ("Review Board"), N.Y. Corr. Law § 43[1], having authority to investigate the "cause and circumstances of the death of any inmate of a corrections facility." N.Y. Corr. Law § 47[1](a).

In support of Defendants' motion, Defendants contend (i) Plaintiff's subpoena requests production of irrelevant information, particularly Cummings' mental health data which Defendants urge is not relevant to Plaintiff's claims in this action against Defendants, based on a failure to provide medical assistance, all of whom are security officers at the Holding Center,[2] (ii) that the Commission has authority to limit by redaction access to the contents of the Report, specifically any portion thereof containing information which "if disclosed would constitute an unwarranted invasion of personal privacy," as permitted under N.Y. Pub. Officers Law § 87[2](b), (iii) Plaintiff's subpoena is overly broad as requiring production of not only the Commission's unredacted Report but as well as copies of all "documentation" referenced in the Report, and (iv) that the redacted copy of the Report obtained by Plaintiff includes, is based in part on information provided to the Commission by an Erie County Assistant County Attorney ("County Attorney") in response to the Commission's proposed findings in an Interim Report which information Defendants maintain constitutes attorney-work product protected under Fed.R.Civ.P. 26(b)(3) (A)("Rule 26(b)(3)(A)"), and which could be disclosed to Plaintiff if Plaintiff's subpoena were to be enforced without regard to satisfying the requirement of Rule 26(b)(3)(A) necessary to permit disclosure. Dkt. 35-1 at 2.[3]

Plaintiff opposes Defendants' motion on several grounds including that (1) Defendants lack standing to bring a motion to quash pursuant to Rule 45(d)(3), (2) the

---

[2] Plaintiff has a related action against Holding Center medical and mental health professionals in this court indexed as 17-CV-446WKS, and against the City of Lackawanna and Lackawanna police officers who arrested Cummings in State Supreme Court. As such, Defendants contend Plaintiff's subpoena seeks information to bolster Plaintiff's claim in the related case in this court and therefore constitutes an improper "fishing expedition." Dkt. 35-2 at 6.

[3] The parties do not include a copy of Plaintiff's subpoena; however, Plaintiff does not dispute Defendants' description of what the subpoena requests.

Commission has not objected to Plaintiff's subpoena is seeking irrelevant information or o burdensome, and (3) even assuming the County Attorney provided to the Commission material protectable under Rule 26(b)(3)(A), which was included in the Report or constitutes underlying "documentation referenced" in the Report, *see* Dkt. 35-2 at 6, the County waived work-product protection by voluntarily providing such material to the Commission as it requested. Dkt. 39 ¶¶ 4, 6, 9-10.[4]

Fed.R.Civ.P. 45 authorizes parties to litigation to obtain discovery including document production from non-parties by the issuance of subpoenas served in accordance with the requirements of the rule. Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2019 Thomson-Reuters) at 995. A subpoena requesting production of documents must be served by a party to the underlying litigation. Fed.R.Civ.P. 45(a)(4). The non-party recipient may serve objections to the subpoena prior to the date for production or within 14 days of receipt. Fed.R.Civ.P. 45(d)(2)(B). Undue burdensomeness may be raised as an objection only by the non-party recipient. Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2019 Thomson-Reuters) at 1003 ("Only the subpoena recipient has standing to file a motion to quash based on undue burden – other parties do not." (citing *Colonial Funding Network, Inc. v. Genuine Builders, Inc.,* 326 F.R.D. 206, 212 (D.S.D. 2018)); *see also In re Subpoena to Loeb & Loeb LLP,* 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019) ("Under Rule 45(d), the subpoena recipient may move to quash or modify the subpoena if it '. . . subjects a person to undue burden.'" (quoting Fed.R.Civ.P. 45(d)(3)(A)(iv))). The relevance of the requested documents is not the "controlling factor" in assessing

---

[4] The circumstances of such request have not been provided to the court.

whether the subpoena imposes an undue burden.  *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293 293, 300 (S.D.N.Y. 2009) (failure of subpoenaed bondholders to demonstrate burdensomeness based on asserted lack of relevancy defeated bondholder's motion to quash).  *See* Dkt. 39-2 at 1 (Letter to the court dated June 25, 2019, enclosing copy of unredacted Report and underlying documents requested by Plaintiff's subpoena in a CD, and expressing no objections to the subpoena upon the court's decision to release the Report and records in accordance with N.Y. Mental Hygiene Law § 33.13(c)[1]) ("§ 33.13(c)[1]") ("the Commission's June 25, 2019 Letter").

      Here, the Commission acknowledged receipt of Plaintiff's subpoena and has not filed a timely objection.  *See* Dkt. 39-2 at 1.  Indeed, the Commission has not made any objection based on burdensomeness, lack of relevance, or otherwise, to complying with the subpoena subject to a judicial finding that production should be made as authorized by § 33.13(c)[1], an issue which the court has thus far declined to address.  Defendants' caselaw cited to support Defendants' standing to object on the basis of relevancy, Dkt. 42-1, is inapposite as those decisions were limited to whether the party had asserted a personal privilege, not a lack of relevancy.  *See, e.g., Cole v. City of New York*, 2011 WL 2899233, at *2 (S.D.N.Y. July 1, 2011) (denying motion to quash where movant asserted lack of relevancy and failed to show existence of privilege personal to movant). Defendants assert that the court returned the proffered CD to the Commission thereby mooting Plaintiff's reliance on the absence of an objection by the Commission ignores that the court returned the CD because it believed it may lack authority to render a

determination required by § 33.13(c)[1].[5]  Defendants therefore lack standing to quash

Plaintiff's subpoena on these grounds, and the court turns to Defendants' assertion that

compliance with the subpoena will violate Defendants' right to work-product protection.

Non-parties may attempt to quash a Rule 45 subpoena for document production

where the subpoena requires "disclosure of privileged or other protected matters, if no

exception or waiver applies."  Fed.R.Civ.P. 45(d)(3)(A)(iii) ("Rule 45(d)(3)(A)(iii)).  "'A

party ordinarily lacks standing to quash a [Rule 45] subpoena directed at a non-party

unless the party is seeking to protect a personal privilege or right.'"  *United States ex rel.

Ortiz v. Mount Sinai Hospital*, 169 F.Supp.3d 2016) (quoting *Nova Products, Inc. v.

Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004), and citing other authorities)

(bracketed material added).[6]  Rule 26(b)(3)(A) protects "documents . . . prepared in

anticipation of litigation . . . by or for another party or its representative (including the

other party's attorney, consultant, surety, indemnitor, insurers, or agent)." (parentheses

in original).  Such documents are nevertheless discoverable if relevant under

Fed.R.Civ.P. 26(b)(1) (material subject to discovery if relevant and proportional to any

party's claim or defense) where the requesting party demonstrates a substantial need

for the materials in order to "prepare its case and cannot, without undue hardship,

obtain their substantial equivalent by other means."  Fed.R.Civ.P. 26(b)(3)(A)(i), (ii)

("Rule 26(b)(3)(A)(__)").  Even if discovery is ordered, the court "must protect against

disclosure of the mental impressions, conclusions, opinions, or legal theories of a

party's attorney . . . concerning the litigation."  Fed.R.Civ.P. 26(b)(3)(B) ("Rule

---

[5]  § 33.13(c)[1] authorizes a "court of record" to release "clinical records" of certain patients described in N.Y. Mental Hygiene Law § 33.13(a).  A federal district court is not included among "courts of record" as defined by N.Y. Jud. Law § 2.
[6]  Unless otherwise indicated bracketed material added.

26(b)(3)(B)"). "'[A]s used in Rule 26(b)(3)(A), '[i]n anticipation of litigation extends work-product protection to documents which 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of the prospect* of litigation.'" *United States v. Acquest Transit LLC*, 319 F.R.D. 83, 90 (W.D.N.Y. 2017) (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting Charles Adam Wright, Arthur R. Miller and Richard L. Marcus, 8 FEDERAL PRACTICE & PROCEDURE § 2024, 343 (1994) (italics in original, underlining added))) *aff'd* No. 09-CV-55 (Dkt. 255) (W.D.N.Y. Apr. 3, 2017). Documents may also be subject to protection under Rule 26(b)(3)(A) even if "'created to assist with a business decision,'" *id.;* however, a document that was "'prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the [anticipated or actual] litigation" is not within the scope of work-product protection provided by Rule 26(b)(3)(A). *Id.* at 91 (underlining added). The party asserting a privilege or work product protection under Rule 45(d)(3)(A)(iii) is required to "describe the nature of the documents, communications, or things not so produced in sufficient detail that the court and parties can assess the privilege [or protection]." Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2019 Thomson-Reuters) at 1007-08 (citing authorities). *See also* Fed.R.Civ.P. 26(b)(5)(A)(ii) (material claimed to be withheld under privilege or subject to work-product protection required by "in a manner that will enable parties [and court] to assess the claim.").

In support of Defendants' motion to quash, Defendants assert that Erie County Attorney was "forced to respond to the preliminary conclusions" by the Commission's Medical Review Board regarding the circumstances and cause of Cummings' death

following her detention at the Holding Center.  Dkt. 35-2 at 7.  Defendants also assert that the County Attorney's required response to the Commission's Medical Review Board's investigation and Preliminary Report included an Assistant Erie County attorney's "mental impressions, conclusions and opinion" regarding the Commission's investigation of Cummings' death.  *Id.*[7]

In Plaintiff's response, Plaintiff contends Defendants have failed to meet Defendants' burden to establish work-product protection attaches to the Report, Dkt. 39-3 at 3 (citing *In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003) (quoting *United States v. Nixon*, 418 U.S. 683, 710(1974)) and that Defendants also fail to cite any provision of state law granting Defendants standing to object to Plaintiff's subpoena, an issue the court need not address as standing to challenge a Rule 45 subpoena is one of federal, not state, law.  Plaintiff also maintains substantial relevant information is likely to be included in the Commission's Final Report that would not appear in Cummings' medical records maintained by the Erie County Sheriff's Office concerning Cummings' detention, and available for discovery including documentation of Cummings' "cries for help" while in custody and indicative of her need for immediate medical assistance to which Defendants allegedly ignored and failed to respond. Dkt. 39-3 at 4.  Plaintiff also contends that even assuming the requested documents include the County Attorney's

---

[7]  In Defendants' Reply (Dkt. 42), Defendants also assert the motion to quash is warranted because of the "privacy concerns of the [Defendant] officers" in this action.  *Id.* at 2.  However, a careful reading of Defendants' motion papers reveals that Defendants did not assert any such "privacy concerns" in support of the motion; accordingly, the court need not address this assertion.  *See Ruggerio v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (citing *Bayway Ref. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226 (2d Cir. 2000) (reviewing for abuse of discretion district court's decision to rely on evidence submitted with moving party's reply papers)).  Defendants also fail to provide any explanation describing the nature of such "privacy concerns."

work-product, the submission of this material by the County Attorney to the Commission, a ~~non-party~~ government agency, waives any work-product protection that may otherwise have attached to the documents. Dkt. 39-3 at 10 (citing *Info. Resources v. Dun & Broadstreet Corp.*, 999 F.Supp. 591, 593 (S.D.N.Y. 1998) (submissions to U.S. and Canadian anti-trust agencies to "foster actions" against defendants waived work-product protection) ("*Info. Resources")*; *D'Ippolito v. Cities Serv. Co.*, 39 F.R.D. 610, (S.D.N.Y. 1965) (disclosure of plaintiff's exhibit to anti-trust division of U.S. Justice Department constituted waiver of plaintiff's asserted work-product protection) ("*D'Ippolito*"). According to Plaintiff, submission to the Commission of documents prepared by the County Attorney, contrary to Defendants' assertion, was voluntary. Dkt. 39-3 at 11. In their reply, Defendants do not further address this issue. *See* Dkt. 42 (*passim*).

Here, there was no timely objection to Defendants' Rule 45 subpoena based on work-product or any privilege filed by the Commission; in fact, the only communication submitted to the court from the Commission was the June 25, 2019 Letter which included a CD containing copies of the requested documents for the court's review under § 33.13(c)[1] (Dkt. 39-2 at 1). In this letter, the Commission stated that, subject to the court's review under § 33.13(c)(1), the Commission had "no further objection" to the court's order directing disclosure to Plaintiff. *Id.* Defendants have also failed to provide the court with any description of the material included in the Commission's file on Cummings and its redacted Report which Defendants claim constitutes work-product as required, *see* Rule 26(b)(5)(A); *see Samad Bros., Inc. v. Bokara Rug Co. Inc.*, 2010 WL 5094344, at *3 (S.D.N.Y. Nov. 30, 2010) (denying motion to quash because movant,

9

*inter alia*, failed to sufficiently describe or identify documents withheld based on asserted attorney work-product doctrine), as is Defendants' burden. *See, supra*, at 7. The court's review of the Commission's redacted Final Report provided by Plaintiff, Dkt. 39-1, indicates four unredacted references to information that had been submitted to the Commission by the Erie County Attorney in response to the Commission's Preliminary Report. *See* Dkt. 39-1 at 9, 10, 27 and 28. A fair reading shows these entries relate to (1) policies for a jail interdisciplinary team meeting in the case of an inmate's refusal of medication (p. 9); (2) physical aspects of plumbing in Cummings' cell (p. 9); (3) a Holding Center policy regarding medical monitoring of an inmate's meals (p. 27); and (4) whether Cummings received the minimum number of showers required for a detainee under New York state regulations (p. 28).

    It is not readily apparent how such information could represent attorney mental impressions, legal theories and the like as protectable work-product, and the court therefore finds it is equally difficult to conceive that any such protectable work-product is in fact present in any of the fully redacted paragraphs of the Report.[8] Significantly, Defendants fail to assert that such is the case. Defendants have not, moreover, proffered, under seal, copies of the alleged work-product material for *in camera* review, nor have Defendants offered to do so. Of course, having received the Final Report, unredacted, from the Commission the Defendants, unlike the court, are in a position to know whether possible work-product appears in the Report's redacted paragraphs as submitted to the court, but Defendants have notably failed to make any attempt to demonstrate such material in fact is present within any of the disputed documents. The

---

[8] *See* Dkt. 39-1 ¶¶ 4-8, 10, 13, 15 19, 33, 37, 38, 43, 46, 52, 57, 64-66, 67, 70, 71, 73.

court is therefore unable to accept Defendants' *ipse dixit*, Dkt. 35-1 ¶ 5(e), that the documents contain work-product.  Further, Defendants also fail to point to any threatened litigation by the Commission or any other entity or person against Defendants at the time such putative work-product, as referenced either in the Preliminary Report or the documentation on which such report relied (as well as the Final Report), was produced and submitted to the Commission by the County Attorney in response to the Commission's Preliminary Report, a prerequisite to any work-product protection.  *See* Rule 26(b)(3)(A) (only documents created in anticipation of litigation protected as work-product); *compare Acquest Transit LLC*, 319 F.R.D. at 91-93 (agency (EPA) confronted with defendant's refusal to permit inspection of defendant's land in connection with suspected Clean Water Act violations agency reasonably contemplated expected administrative litigation  would be required to enforce such access supporting extending work-product protection to subsequent communications with agency counsel and documents created at agency counsel's request).  Additionally, as discussed, the relevant provisions of the New York Correction Law, describing the Commission's functions and powers, do not purport to authorize the Commission to commence any litigation even in connection with, as in this case, an adverse finding of a correctional facility's responsibility for an inmate's death.  *See, supra,* at 2 n. 1. Although the Report recommends the U.S. Department of Justice Civil Rights Division investigate the Cummings matter, Dkt. 39-1 at 32, Defendants do not assert such recommendation constitutes anticipated litigation for the purposes of Rule 26(b)(3)(A).  Even assuming, despite Defendants' failure to demonstrate what the County Attorney submitted to the Commission in fact constitutes work-product, by submitting the documents voluntarily to

the Commission Defendants have waived the protection.  *See Info. Resources, Inc.*, 999 F.Supp. at 592 (waiver of work-product protection occurred where materials submitted to government agencies to "stimulate beneficial official action"); *D'Ippolito*, 39 F.R.D. at 610 (voluntary disclosure of exhibit to federal agency not a party, or based on a joint-defense relationship with plaintiff's counsel, waives work-product protections); *see also Costabile v. Westchester, NY*, 254 F.R.D. 160, 165 (S.D.N.Y. 2008) (recognizing that voluntary disclosure waives work-product privilege where report is disclosed to an agency – EEOC – whose interests are not aligned with those of disclosing party

The context of Defendants' submission, responsive to the Commission's manifest intention to accuse the Holding Center and Defendants of serious neglect relating to Cummings' tragic death as revealed by the Preliminary Report to which the County Attorney responded, supports that the submitted materials at issue were no doubt intended to persuade the Commission to make findings regarding Cummings' death more favorable to the Holding Center and, by implication, Defendants, similar to the rationale in *Info Resources* and *D'Ippolito* which the court in those cases determined was a sufficient reason to conclude plaintiffs had voluntarily waived any potential work-product protection.  Defendants cite to no provision of the New York Correction Law relevant to the Commission or its Review Board which requires a local correctional facility like the Holding Center to respond to a preliminary report by the Commission concerning an inmate or pretrial detainee's death, in connection with the deceased's custody and the court's review of the relevant New York statutory provisions and New York caselaw pertaining to the Commission and Review Board reveals none.  Notably,

12

in Defendants' Reply, Defendants state they "have not waived the Attorney-Work Product privilege associated with" the Erie County Attorney's response to the Commission Preliminary Report, Dkt. 41 ¶ 8, yet fail to cite to any authority supporting, on this record, such assertion.  Accordingly, the court finds Defendants have failed to sufficiently demonstrate, as is Defendants' burden, that any work-product created by the Erie County Attorney requiring protection under Rule 26(b)(3)(A) exists in any of the materials upon which the Report is based as requested by the Plaintiff's subpoena.  Defendants also have failed to show, even assuming, *arguendo*, it existed, that such protection was not waived by Defendants and by the Erie County Attorney's voluntarily submitting the requested materials to the Commission and its Review Board.  For these reasons, Defendants lack standing to object to the subpoena based on undue burdensomeness and relevancy, and there is no merit in Defendants' assertion of work-product protection.

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 35) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

———————————————
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2019
      Buffalo, New York