UNITED STATES DISTRICT COURT FOR THE
<u>WESTERN DISTRICT OF NEW YORK</u>

TAWANA R. WYATT, as Administrator of the
Estate of INDIA CUMMINGS,    Case No.: 1:19-cv-00159-EAW

           Plaintiff,

vs.    **ATTORNEY DECLARATION**

ERIE COUNTY SHERIFF'S SERGEANT
KOZLOWSKI, *et al.*,

           Defendants.

JAMES M. VANDETTE, ESQ., an attorney admitted to practice before the United States District Court for the Western District of New York, declares the following is true and correct under penalty of perjury, pursuant to 28 U.S.C. § 1746:

## Introduction

1. This motion seeks an order of the Court for consolidation of two related cases, which collectively involve the numerous defendants that interacted with Plaintiff's decedent, India Cummings, between the time of her initial arrest in the City of Lackawanna, to her transport to the Erie County Medical Center Corporation hospital ("ECMCC"), and finally, to the Erie County Holding Center ("ECHC"), where she remained as her physical and mental conditions deteriorated, leading to her death.

2. As alleged between the filed original complaint in this action, in the pending Proposed Amended Complaint ("PAC"), and in the Second Amended Complaint ("SAC") in the related action which Plaintiff seeks to consolidate with this action,

while at the ECHC, India Cummings' Fourteenth Amendment constitutional rights were continuously and repeatedly violated, as she was subjected to horrific conditions of confinement, and was negligently and callously denied the minimum of constitutionally adequate medical and psychiatric care and treatment, which can only properly be described conscience-shocking.

3.      Both actions are related, and concern common questions of law and fact. See Plaintiff's Memorandum of Law.

   I.   **Statement of Facts and Procedural Status of this action**

4.      This action was commenced by the filing of a Complaint on February 1, 2019, (Dkt. 1), and summonses were thereafter issued by the Clerk of Court. See Dkts. 3, 6).

5.      As alleged in the Complaint and PAC, the named defendants in this action are all deputies, lieutenants, captains, and otherwise subordinates of and law enforcement officers connected with the Erie County Sheriff's Office ("Sheriff's deputies"), and Erie County Sheriff, Timothy B. Howard. See Dkt. 1.

6.      The Erie County Attorney appeared on behalf of defendants on April 25, 2019, and filed a motion to dismiss, which was opposed and briefed. Dkts. 13, 14, 18, 22.

7.      On May 29, 2019, Plaintiff filed a motion seeking leave to file an Amended Complaint, which was opposed, and replied to. See Dkts. 24, 33, 34. This motion is pending.

8.      Additionally, a motion to compel compliance with a Rule 45 subpoena was granted, requiring the New York State Commission of Correction to provide an

unredacted copy of the Final Report in the investigation of care and treatment of India Cummings while an inmate at the ECHC. See Dkt. 52.

9.     This action is still in the pleadings stage, where leave to file the Proposed Amended Complaint has not yet been granted, and formal Rule 26 discovery has not yet commenced.

10.    The facts alleged in the original Complaint, in *this* action, include the allegations that Plaintiff's decedent, India Cummings was arrested in the City of Lackawanna by members of the Lackawanna Police Department, where India Cummings sustained a spiral fracture of the left humerus.[1] See Dkt. 1 at ¶¶78-79.

11.    The Complaint alleges that on the same day, February 1, 2016, following the incident with the Lackawanna Police Department, India Cummings was transported to the Erie County Holding Center ("ECHC"), being delivered into the custody of the Erie County Sheriff, Timothy B. Howard.[2]

12.    The Complaint alleges, in sum, that throughout the course of India Cummings' 17-day stay at the ECHC, from February 1, 2016 to February 17, 2016, she was deprived of constitutionally adequate medical care and treatment, was deprived of humane conditions of confinement, and failed to receive adequate food and hydration. See Dkt. 1 at ¶82.

13.    The PAC, together with an Exhibit attached thereto, including the Commission of Corrections' Final Report, provide significant detail as to the deplorable and

---

[1] These members of the police department, as well as the City of Lackawanna municipal defendants, are named parties in the County action.
[2] Erie County Sheriff, Timothy B. Howard is a named party and defendant in the County action.

3

inhumane conditions of confinement, and deprivation of constitutionally adequate medical care and treatment that India Cummings was subjected to by the defendants in this action. See Dkt. 24-2.

14. The PAC provides significant detail into India Cummings' lengthy, 17-day period of mental decline, suffering pain with a broken arm, and at times lying on the floor of her cell, covered in filth, and even defecating and urinating on the floor. See Dkt. 24-2 at ¶¶166, 168, 169.

15. Some of the very details giving rise to the causes of action against the various Sheriff defendants are maintained in the ECHC logbook, and, upon information and belief, were entered in said logbook by various of the Sheriff's deputy defendants. See Dkts. 24-2.

16. Upon information and belief, by February 11, 2016, various of the Sheriff's deputies assigned to watch India Cummings in her cell, while she was under heightened observation, did little more than notate her marked decline in health and disorientation, incoherence, mentally disordered state, at times the feces and urine on her floor, and failed to take action to remove her from her cell and summon medical care until she "became unconscious." See Dkt. 24-2 at ¶¶82, 171.

17. India Cummings died a few days later after "becom[ing] unconscious." See Dkts. 1 and 24-2 at ¶173.

    II.    **Statement of facts and procedural status of the related County Action**

18. The related action, Tawana Wyatt, as Administratrix of the Estate of India T. Cummings v. County of Erie, *et al.*,1:17-cv-00447, Judge William K. Sessions, III,

4

presiding, ("County action"), has not yet reached the commencement of discovery, with motions to dismiss cross-claims pending.

19. As alleged in the SAC, (annexed hereto as Exhibit A), the parties to the County action consist of [3]

   a. City of Lackawanna,
   b. City of Lackawanna Police Department,
   c. Police Officer John-Paul Figlewski,
   d. Police Officer Balcarczyk,
   e. Police Officer Jones,
   f. Police Captain Joseph Leo,
   g. Police Captain Robert Janowski,
   h. County of Erie,
   i. Erie County Sheriff, Timothy B. Howard,
   j. Erie County Sheriff's Deputy, Walter J. Haliday,
   k. Amy Jordan, R.N.,
      i. A registered nurse providing care at the ECHC, Exhibit A at ¶14;
   l. Bridget Leonard,
      i. A nurse, providing care and treatment at the ECHC, Exhibit A at ¶15;
   m. Hollani Goltz,
      i. A mental health counselor, providing care and treatment at the ECHC, Exhibit A at ¶16;
   n. Jill Lobacchiaro,
      i. A mental health counselor, providing care and treatment at the ECHC, Exhibit A at ¶17;
   o. University Psychiatric Practice, Inc. ("UPPI"),
      i. A non-profit corporation that employed Peter Martin, M.D., Evelyn Coggins, M.D., and Tom Chapin, N.P., and contracted with the County and Sheriff Howard to provide medical care and treatment at the ECHC, Exhibit A at ¶18;
   p. Peter Martin, M.D.,
      i. A physician and employee or agent of UPPI, under a duty to provide medical care and treatment at the ECHC, Exhibit A at ¶19.
   q. Evelyn Coggins, M.D.,

---

[3] As discussed below, some of these defendants, and causes of action against them, have recently been dismissed, and remanded to state court.

5

      i. A physician and employee or agent of UPPI, under a duty to provide medical care and treatment at the ECHC, Exhibit A at ¶20.
- r. Tom Chapin, N.P.,
    - i. A nurse practitioner and employee or agent of UPPI, under a duty to provide medical care and treatment at the ECHC, Exhibit A at ¶21.
- s. Erie County Medical Center Corporation,
    - i. A not-for-profit corporation which owned a hospital and contracted with the County, Exhibit A at ¶ 22;
- t. Gerald Igoe, M.D.,
    - i. a physician who Provided medical care and treatment to India Cummings at the ECMCC, Exhibit A at ¶23;
- u. Tara M. Ciesla, P.A.,
    - i. A physician's assistant who provided medical care and treatment to India Cummings at the ECHC, Exhibit A at ¶ 24;
- v. University Emergency Medical Services, Inc. ("UEMS")
    - i. A corporation that contracted with ECMCC to provide emergency medical services to patients at ECMCC, and whom hired or otherwise engaged defendants Igoe and Ciesla to render medical care and treatment to India Cummings while at ECMCC, Exhibit A at ¶ 25.

20. The County action was originally commenced in state court by the electronic filing of the complaint in the Supreme Court of the State of New York on April 28, 2017.

21. The state court action was removed to the United States District Court for the Western District of New York on or about May 19, 2017. See Exhibit B, Notice of Removal.

22. After appearances and a motion to dismiss, a first, and then the SAC were filed, with leave of the Court. See Exhibit A. Attached to the SAC are two exhibits: the Final Report of the New York State Commission of Correction, "In the Matter of the Special Investigation into the Care and Treatment Provided to India Cummings, an inmate of the Erie County Holding Center," and a copy of the ECHC logbook

entries, with entries recorded by, upon information and belief, various of the Sheriff's deputies that watched and monitored India Cummings during her period of detention in the ECHC from February 1, 2016 to February 17, 2016. See Exhibit A at 71 *et seq.*, and 104 *et seq.*

23. In sum, the County action concerns the general and underlying facts, and transactions and occurrences as in this case, concerning events at the ECHC. Compare Dkts. 1, 24-2 with Exhibit A.

24. The County action additionally alleges facts and claims arising from India Cummings' arrest in the City of Lackawanna, to her transport to the ECHC, her transport to ECMCC and treatment rendered at ECMCC's facility, and then at the ECHC for the entirety of her detention at that facility, leading up to her death. See Exhibit A.

25. All of the facts between this and the County action are part of a continuous time period, from February 1, 2016 to February 17, 2016, with most of the events taking place in the ECHC. Compare Dkts 1, 24-2 with Exhibit A.

26. On August 5, 2020, the Court in the County action issued an Opinion and Order in response to defendants Igoe, Ciesla, and UEMS's motion to dismiss, and ECMCC's motion to dismiss the constitutional causes of action against them and to remand the state-law claims to state court. See Exhibit C, Opinion and Order.

27. Pending now before Judge Sessions are defendants ECMCC and Igoe, Ciesla, UEMS motions to dismiss cross-claims against them.

28. Formal discovery and depositions have not yet commenced in the County action.

### III. Both actions share common factual and legal questions and the actions should be consolidated to this action.

29. The County action concerns the medical care and treatment of India Cummings at the ECHC, even after Judge Sessions' dismissal of the Section 1983 claims and supplemental claims against ECMCC and the UEMS defendants. See Exhibit A.

30. The County action defendants that remain, at present, includes nurses, physicians assistants, and mental health providers that, as alleged in the SAC in the County action, inter alia, were both negligent and manifested deliberate indifference to India Cummings' medical care and treatment and to her conditions of confinement **at the ECHC** between February 1, 2016 and February 17, 2016. See Exhibit A.

31. Similarly, in this action the Complaint alleges the deliberate indifference of the various defendants Sheriff's deputies with respect to India Cummings' medical care and treatment and to her conditions of confinement while an inmate **at the ECHC** from February 1, 2016 to February 17, 2016. See Dkts. 1 and 24-2 and Exhibit A.

32. Both actions are intertwined upon the facts concerning India Cummings medical care and treatment while at the ECHC, and the conditions of her confinement. This action concerns the deliberate indifference of the defendants Sheriff's deputies whom, under defendant Sheriff Timothy B. Howard (a defendant in the County action relative to the same subject matter), monitored India Cummings

8

while she was in the custody of Defendant Sheriff Howard, and failed to summon medical care and treatment, to remove or cause her to be removed to a hospital when she exhibited signs of need of the same, and with deliberate indifference, permitted India Cummings to remain in deplorable conditions of confinement, involving problems with running water, as well as feces, urine, garbage and debris on the floor of her cell. See Dkts. 1, 24-2 and Exhibit A.

33. For example, in the PAC in this action, it is alleged that by February 14, 2016,

> . . .Defendants BOGGS and MILLER, Sergeant WIEG, and Lieutenant BRYMAN noted, observed and were otherwise aware of "Cummings lying on floor in her food, nude" and "Cummings laying on floor kicking door and floor"; "I/M refuses to wear clothing and has clutter or trash on floor."

See Dkt. 24-2 at pgs. 36-37, ¶159.

34. For another example, the PAC alleges that on February 15, 2016;

> . . .Defendants Deputy OSIKA, Sergeant PERKINS, and Lieutenant ISCH monitored, observed and were otherwise aware that CUMMINGS was still lying on the floor naked, and she was pushing scattered food under the door. At 1632 hours, CUMMINGS did not accept her meal tray or eat any food. Defendant Deputy OSIKA's notes reveal that CUMMINGS spent the entire shift laying on the bunk or floor, and at 2245 hours, Cummings was "laying by the door babbling."
> …
> None of these Defendants took any action to secure medical treatment for CUMMINGS or to rectify and address her cell and confinement conditions which continued to worsen.

See Dkt. 24 at pg. 38, ¶161.

35. On February 15, 2016 to February 16, 2016, the PAC alleges that:

> On February 15 to 16, 2016 from the 2300 to 0700 hours shift, Defendants Deputy MOSS, Sergeant KOZLOWSKI, and Lieutenant ISCH monitored, supervised, and were otherwise aware that CUMMINGS continued to be naked and that at 0445

9

>hours CUMMINGS was "laying in front of the door hyperventilating"; at 0645 hours, they observed and were aware that CUMMINGS continued to be "laying on floor, hyperventilating." No action was taken by these Defendants to secure medical care or to clean her cell. Furthermore, these Defendants MOSS, KOZLOWSKI, and ISCH were aware or should have been aware that CUMMINGS had not urinated in 40 hours as of the end of Defendants MOSS, KOZLOWSKI, and ISCH's shift.

See Dkt. 24-2 at pg. 38, ¶162.

36. Disturbingly, the PAC alleges that on February 16, 2016, Sheriff's deputy defendants Kozakiewicz, Knezevic, and Glinski:

>noted, observed, and were otherwise aware that at 0800 hours CUMMINGS was "kneeling by door, having a bowel movement" in her increasingly deplorable cell, while she remained decompensated and unbathed, and with a broken arm observable from at least 10 feet away. Further activities notated by KOZAKIEWICZ during her shift included lying on the floor, standing at the door, at 1000 hours CUMMINGS was "pushing garbage under the door when asked by [KOZAKIEWICZ] to throw out, I/M laid back on the floor." Immediately following this entry, Defendant Sergeant KNEZEVIC inspected CUMMINGS' cell and notated the same at 1005 hours. None of the Defendants took any action to have CUMMINGS' cell cleaned of feces, garbage, food, urine or other trash, or secure medical care despite their awareness of the deplorable confinement conditions of CUMMINGS and her serious medical needs.

See Dkt. 24-2 at pg. 39, ¶164.

37. Similarly, the SAC in the County action alleges the culpable conduct the defendants in that action, during the same time period and relative to India Cummings' lack of adequate medical care and treatment and conditions of confinement. See Exhibit A.

38. For comparison, the SAC in the County action alleges that on February 15, 2016:

> During the entirety of February 15, 2016, being President's Day, CUMMINGS received no medical or FMH[4] treatment whatsoever. Upon information and belief, the medical staff Defendants and FMH and other COUNTY and/or HOWARD Defendants in this action decided to treat this date as a day off from treating CUMMINGS. This was reckless because at this point, all medical staff and FMH knew or should have known that CUMMINGS was suffering from serious and fast-degenerating health conditions.

Compare Exhibit A at ¶199 with Dkt. 24-2 at pgs. 36-38.

39. The SAC further alleges that on February 15, 2016 and February 16, 2016, while India Cummings was on constant observation, she was noted to be hyperventilating, but no action was taken by defendants Sheriff Howard or the County of Erie, or its staff, agents *et al.* to summon medical assistance. See Exhibit A at pg. 40, ¶¶ 210, 211.

40. The SAC alleges, for example, further related negligence and deliberate indifference where, after two weeks of clear and serious mental and physical health issues demonstrated by India Cummings, defendant Tom Chapin, NP conducted a mere "cellside" assessment or evaluation of India Cummings; he failed to note that she had covered her head with a blanket during his interview with her; he did not perform a physical examination of her or vital signs; he noted she only drank "a little milk today" and refused food; he noted that India Cummings did not trust food when encouraged, and; he did not take any steps to secure medical care and treatment for India Cummings or to take steps to cause her to be taken to a hospital. See Exhibit A at 42-43, ¶¶229-232.

---

[4] "FMH" stands for Forensic Mental Health.

11

41. Notably, the SAC alleges that "Interdisciplinary team"[5] notes revealed that India Cummings was identified for a "9Z2" hospital bed, but was awaiting availability, and further, on that date, India Cummings **"[d]id utilize floor as toilet this morning."** See Exhibit A at 44, ¶242.

42. The complaint, PAC, and SAC all detail common issues of fact and law concerning the India Cummings' injuries while an inmate in the ECHC, relating to her medical care and treatment, and conditions of confinement while at the ECHC.

**WHEREFORE**, for the reasons set forth above and in Plaintiff's Memorandum of Law, it is respectfully requested that the County action, pending before District Court Judge William K. Sessions, III be consolidated and fully merged with this action, to contain the same caption and for the filings of all papers and briefs to be filed to this docket in this action, together with any such other and further relief as the Court may deem just and proper.

EXECUTED:   October 14, 2020              VANDETTE PENBERTHY LLP
            Buffalo, New York

                                          By: *James M. VanDette*
                                              James M. VanDette, Esq.
                                              227 Niagara Street
                                              Buffalo, New York 14201
                                              (716) 803-8400
                                              jvandette@vanpenlaw.com

---

[5] Upon information and belief, the interdisciplinary team at the ECHC included a registered nurse, a sergeant, and a mental health staff member that met, or at least was supposed to meet, daily to discuss inmates on observation, that had behavior problems, were on meal monitoring, or refused medications. See Exhibit A at 0078, ¶20.