UNITED STATES DISTRICT COURT FOR THE
<u>WESTERN DISTRICT OF NEW YORK</u>

TAWANA R. WYATT, as Administrator of the
Estate of INDIA CUMMINGS,                      Case No.: 1:19-cv-00159-EAW

                             Plaintiff,

vs.

ERIE COUNTY SHERIFF'S SERGEANT
KOZLOWSKI, *et al.*,

                             Defendants.

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF FEDERAL RULE
OF CIVIL PROCEDURE 42(a) CONSOLIDATION**

**VANDETTE PENBERTHY LLP**
*Attorneys for Plaintiff*
227 Niagara Street
Buffalo, New York 14201
(716) 803-8400

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Plaintiff in support of her motion to consolidate this action with that of <u>Tawana Wyatt, as Administratrix of the Estate of India T. Cummings v. County of Erie,</u> *et al.*,1:17-cv-00447, Judge William K. Sessions, III, presiding, ("County action") being a related case also pending within the Western District of New York. Plaintiff brings this motion under Federal Rule of Civil Procedure 42(a), and seeks consolidation as to both discovery, as well as trial. It is respectfully submitted that the actions present common issues of law and fact, and that the interests of judicial economy, limitation of cost and delay to the parties, and the relatedness of the claims warrant consolidation. Both actions are in a relatively similar procedural posture, in which discovery has not yet commenced, and none of the parties in either action would be prejudiced by a full consolidation of the actions.[1]

## STATEMENT OF FACTS

For a statement of the relevant facts, please see the Declaration of James M. VanDette, Esq.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that if actions before the court involve common questions of law or fact, the Court may, inter alia, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay. "Consolidation under Rule 42(a), Fed. R. Civ. P., is a procedural device designed to promote judicial economy; it does not change the rights of the parties in the separate suits." <u>Cole v.</u>

---

[1] Plaintiff's Rule 45 motion to compel compliance with a subpoena was granted by the Court on August 22, 2019.

<u>Schenley Industries, Inc.</u>, 563 F.2d 35, 38 (2d Cir. 1977) (citation omitted). As further

explained by Chief Judge Frank Geraci, Jr.:

> Nor are the rights of the parties affected by the filing of a
> consolidated complaint. *Id.* (citation omitted). The decision
> regarding the appropriateness of consolidation rests within the
> broad discretion of the district court, subject to balancing the
> considerations of convenience and economy against the concern
> for a fair and impartial trial.

<u>Pennington v. Cty. of Monroe</u>, No. 13-CV-6480-FPG, 2014 U.S. Dist. LEXIS 4163, at

*3-4 (W.D.N.Y. Jan. 13, 2014) (citing <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284-

1285 (2d Cir. 1990). The exercise of the Court's discretion requires it to consider:

> [W]hether the specific risks of prejudice and possible confusion
> [are] overborne by the risk of inconsistent adjudications of
> common factual and legal issues, the burden on the parties,
> witnesses, and available judicial resources posed by multiple
> lawsuits, the length of time required to conclude multiple suits
> as against a single one, and the relative expense to all concerned
> of the single-trial, multiple-trial alternatives.

<u>Id.</u> (<u>citing</u> <u>Johnson v. Celotex Corp.</u>, 899 F.2d at 1285).

## **<u>ARGUMENT</u>**

I.    **<u>Common questions of law and fact between the actions warrant
consolidation</u>**.

This action and the County action both concern the injuries, inadequate medical

care and treatment, and unconstitutional conditions of confinement that Plaintiff's

decedent, India Cummings was subjected to during her pre-trial detention at the Erie

County Holding Center ("ECHC"). <u>Compare</u> Dkts 1, 24-2 <u>with</u> Exhibit A. Both of these

actions concern India Cummings care and treatment while a pretrial detainee at the

ECHC. <u>See id</u>. Where this action focuses on the deliberate indifference of the various

Sheriff's deputies that monitored and supervised India Cummings while in her cell at the ECHC, in which defendants failed to take actions to ensure she received adequate medical care and treatment, and allowed the conditions of her confinement to degenerate below the constitutionally-permitted minimum (in violation of her Fourteenth Amendment rights), the County action focuses on these same general issues against Defendant Erie County Sheriff, Timothy B. Howard, as well as the County of Erie, ECMCC, and various physicians, nurses and mental health practitioners at the ECHC— all of which are alleged to have played various roles in depriving India Cummings of adequate medical care and treatment, and contributing to the unconstitutional conditions of her confinement, as well as medical malpractice and negligence. Compare Dkts 1, 24-2 with Exhibit A.

There is sufficient commonality of facts between the two actions, particularly as they concern India Cummings medical care and treatment and conditions of confinement at the ECHC, to warrant consolidation. See e.g. Alamin v. Scully, 96 Civ. 1630 (RMB) (KNF), 97 Civ. 3734 (RMB) (KNF), 2000 U.S. Dist. LEXIS 13143, at *31-32 (S.D.N.Y. Sep. 13, 2000) (two actions before the court had common questions of fact which should be consistently adjudicated);

There are also common questions of law between the two actions. Both actions allege deliberate indifference to medical care and treatment and unconstitutional conditions of confinement. Compare Dkts. 1, 24-2 with Exhibit A. Given the similarities, the actions should be consolidated. See e.g. Barker v. Doctor, No. 9:15-CV-0869 (BKS/DEP), 2015 U.S. Dist. LEXIS 150054, at *3 (N.D.N.Y. Nov. 5, 2015)

(consolidating three cases involving Eighth Amendment deliberate indifference to medical care and treatment).

II. **The rights of the parties will not be affected, and economy will be accomplished by consolidation, such that the Court should exercise its discretion to consolidate the actions**.

A consolidation of the two actions would not impair or impede any defenses to the claims, nor cross claims that any of the defendants may assert against each other. Rule 26 discovery (with the exception of a motion to compel the New York State Commission of Corrections in this action to produce an unredacted report) has not yet commenced in either action. This action is still in the pleadings stage, and if consolidated, the County action defendants could, or could be permitted to, appropriately file or amend any pleadings or assert cross claims, given the early procedural posture of both cases.

The Court should exercise its discretion to consolidate the cases because the interests of judicial economy, and economy of discovery, warrant consolidation. The two cases are not at vastly different procedural stages. See Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) ("The chief advantage of consolidation is that it avoids the waste associated with duplicative discovery and multiple trials"). Consolidation of these actions would also "further the goal of 'judicial economy' because discovery in each case is likely to be" similar and in some instances "identical, [and] motion practice and trial in the two cases would most likely cover [many of] the same facts and some identical issues of law."

See <u>Jacobs v. Castillo</u>, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (consolidating medical malpractice and Federal Tort Claims Act cases). Additionally, as a point of note, the Erie County Attorney's Office, represents defendants in both actions. <u>See</u> Dkt, generally. [2] Overall economical considerations warrant consolidation of the actions for all purposes, particularly where both actions are at early procedural stages.

## <u>CONCLUSION</u>

For the foregoing reasons, together with those set forth in the Declaration of James M. VanDette, Esq., it is respectfully requested, on behalf of Plaintiff, that the Court issue an order consolidating this action with that of <u>Tawana Wyatt, as Administratrix of the Estate of India T. Cummings v. County of Erie,</u> <i>et al.,</i>1:17-cv-00446, for all purposes, together with any such other and further relief as the Court may deem just and proper.

DATED:     October 14, 2020
           Buffalo, New York

                                        **VANDETTE PENBERTHY LLP**

                                        By:_____*James M. VanDette*_____
                                        James M.Vandette, Esq.
                                        Attorneys for Plaintiff
                                        227 Niagara Street
                                        Buffalo, New York 14201
                                        (716) 803-8400
                                        jvandette@vanpenlaw.com

---

[2] Notably, in the context of ongoing mediation efforts, (<u>see</u> Dkt. 55), the Erie County Attorney, counsel for the defendants had previously inquired of both this Court and Judge Sessions about global mediation efforts. See Dkt. 45.