UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAWANA R. WYATT, as Administrator
of the Estate of India T. Cummings

                Plaintiffs,                        **DECISION AND ORDER**
      v.
                                                        1:19-CV-00159 EAW
ERIE COUNTY SHERIFF SERGEANT
KOZLOWSKI,

                Defendants.
_____

Plaintiff Tawana Wyatt, as Administrator of the Estate of India T. Cummings ("Plaintiff"), commenced this wrongful death action against multiple Erie County Sheriff Department employees (collectively "Defendants"). (Dkt. 1). On February 13, 2025, the parties informed the Court that they had reached a settlement. (Dkt. 115).

Currently before the Court is the parties' joint motion to seal any reference to the gross settlement amount, net settlement amount, individual distribution amounts, attorneys' fees, and any item/figure that can be used to calculate the settlement amount between Plaintiff and any and all of the named Defendants. (Dkt. 117). For the following reasons, the motion to seal is denied without prejudice.

## **DISCUSSION**

"In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second, once the Court finds that the document is a 'judicial document, the court must determine

the weight of the presumption that attaches. . . . Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted). To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Documents submitted in connection with a motion for approval of a settlement are judicial records to which a strong presumption of access applies. *Halwani v. Brightside Health, Inc.*, No. 23-CV-3686 (KAM) (PK), 2024 WL 4132369, at *1-2 (E.D.N.Y. Sept. 10, 2024) (finding that affirmation submitted in support of motion to approve settlement is a judicial document to which "the weight of the presumption of public access is 'relatively strong' because the motion to approve the settlement "disposed of the parties' case"); *Jones v. Smith*, 319 F. Supp. 3d 619, 624 (E.D.N.Y. 2018) ("Although in many—if not most—cases, a settlement agreement would not qualify as a 'judicial document,'" a settlement submitted for court approval "is indisputably a document that is 'relevant to the performance of the judicial function and useful in the judicial process, and thus a 'judicial document' subject to the presumption of access.'" (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012) (internal quotation marks omitted)).

Here, the parties' motion does not provide ample support to seal the information subject to the motion. To begin with, the motion is not supported by a memorandum of

law, as required by this Court's Local Rules, which independently warrants denial of the motion. *See* L.R. Civ. P. 5.3(c)(2)(C) ("A party seeking to have a document or portion of a document filed under seal on notice must satisfy each of the following requirements: . . . (C) A memorandum of law setting forth (1) the applicable legal authority, (2) the reasons why the document should be sealed, and (3) the rationale for the proposed duration of the requested order. . . ."). Although Plaintiff submitted a declaration in support of the application (Dkt. 117-1), she has provided no discussion of the applicable legal standards or proffered any legal authority to support the motion.

That the parties settled the case relying on the settlement remaining confidential does not alone justify granting the motion to seal. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) ("[C]ourts in this district have repeatedly found that the preservation of such bargained-for confidentiality does not overcome the presumption of access to judicial documents."). Because the information sought to be sealed—gross settlement amount, net settlement amount, individual distribution amounts, attorneys' fees, and any item/figure that can be used to calculate the settlement amount—consists of judicial documents to which a strong presumption applies, the parties must provide greater justification before the Court may grant their application. *See Farris v. Avon Prods., Inc.*, No. 23-CV-02023 (LAK)(SN), 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024) (denying motion to seal and redact names of settling parties, settlement amount, and financial information in wrongful death action); *Richards v. Cordis Corp.,* No. 517CV178BKSATB, 2022 WL 602563, at *4 (N.D.N.Y. Mar. 1, 2022) (denying motion to seal settlement agreement amounts in wrongful death case: "Courts in this Circuit have repeatedly found

that, without a more particularized showing of a need for confidentiality in a given case, these types of concerns are insufficient to overcome the presumption of public access to settlements requiring court approval. . . . The Court further finds that Plaintiff's conclusory statement that she wishes not to disclose sensitive financial and personal details also is not a sufficiently particularized showing of a need for confidentiality that outweighs the presumption of access to judicial documents.").

Given the lack of support provided for the relief sought, the parties' motion to seal is denied without prejudice. Within 14 days of entry of this Decision and Order, the parties must either file unredacted versions of the documents on the docket or file a properly supported renewed motion to seal that is narrowly tailored and provides a thorough explanation of why the presumption of public access has been overcome.

## CONCLUSION

For the reasons stated above, the parties' motion to seal (Dkt. 117) is denied without prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   May 6, 2025
         Rochester, New York